UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DONOVAN RAJKUMAR, Individually, and on behalf
of all others similarly situated,

                      Plaintiffs,

-against-

CORPORATE ACQUISITIONS INC. d/b/a/
NEW YORK GUEST SERVICE, DARREN
LACHAR, STEVEN ROBINS, and MOHAMMED
MOUTRAJI,

                      Defendants.
------------------------------------------------------------------X

13 CV 3424 (PAC)

STIPULATION OF
DISMISSAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-15

      Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), it is hereby stipulated and agreed by and between the parties that this action is dismissed with prejudice and without any costs, fees, or disbursements assessed against any party except as provided in the parties' Settlement Agreement. It is further stipulated and agreed that scanned and emailed signatures for the purpose of this stipulation only shall constitute originals.

Dated: Westbury, New York
       May 5, 2015

Neil H. Greenberg & Associates, P.C.
By: _____
    Neil H. Greenberg, Esq.
    Attorneys for the Plaintiffs
    900 Merchants Concourse, Suite 314
    Westbury, New York 11590
    (516) 228-5100

Paul T. Vink, PC
By: _____
    Paul T. Vink, Esq.
    Attorneys for the Defendants
    1511 Route 22, Suite 206
    Brewster, New York 10509

SO ORDERED:

_____ 5-7-15
          U.S.D.J.



900 MERCHANTS CONCOURSE, SUITE 314, WESTBURY, NEW YORK 11590

NEIL H. GREENBERG
JUSTIN M. REILLY*

*ADMITTED IN N.Y. & C.T.

May 5, 2015

VIA: Federal Express

Honorable Paul A. Crotty
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                      RE: Rajkumar et al. v. Corporate Acquisitions, Inc. et al.
                      13 CV 3424 (PAC)

Dear Judge Crotty:

      On behalf of the named plaintiff, Donovan Rajkumar, and the opt-in plaintiffs ("plaintiffs"), and together with counsel for the defendants, Corporate Acquisitions, Darren Lachar, Stephen Robins, and Mohammed Moutraji ("defendants"), we write to seek approval of the terms of the parties' settlement agreement ("Settlement Agreement"). The Settlement Agreement resolves the plaintiffs' claims asserted against the defendants, including those claims under the Fair Labor Standards Act ("FLSA"). Enclosed with this letter please find a copy of the Settlement Agreement for the Court's *in camera* review and approval. We respectfully request that if the terms of the Settlement Agreement meet with the Court's approval, that the Court So Order the enclosed Stipulation of Dismissal.

**Background**

      This action was brought as a hybrid collective action/class action to recover overtime compensation for the named plaintiff and all installation specialists, maintenance and repairmen, and driver employees ("similarly situated employees") who worked for the defendants during the six years prior to the filing of this matter [D.E. 1]. On June 14, 2013, two similarly situated employees, Adrian Findlay and Patrick Edwards, opted into this action [D.E. 8, 9]. On August 13, 2014, this Court granted the plaintiffs' motion to proceed as a collective action and to facilitate notice [D.E. 50]. Shortly thereafter, notice was mailed to potential collective action members. After the plaintiffs received the defendants' list of potential similarly situated

employees, it was determined that the numerosity requirement for the certification of a class action would most likely not be met and, therefore, the plaintiffs decided to abandon their class claims brought under the New York Labor Law ("NYLL"). During the opt-in notice period, two more former employees opted into this case [D.E. 53, 54]. Opt-in plaintiff, Mohammed Khalil, was employed as a former maintenance and repairmen and was thus eligible to participate in this lawsuit. Opt-in plaintiff, Christine Campbell, however, was employed as a housekeeper for the defendants and thus was not similarly situated to the named plaintiff. Ms. Campbell's name and address were inadvertently put on the defendants' list. Ms. Campbell was informed of this error and that she was not eligible to participate in this case.

From the inception of this lawsuit until on or about February 2015, the parties were actively involved in litigation. This involved both sides answering interrogatories and document demands. This involved both sides appearing at court conferences. This involved motion practice where the plaintiff's moved for conditional certification with the defendants failing to stipulate to notice being sent to potentially similarly situated employees. This also involved the conduction of several depositions. It was not until after some depositions were conducted that the parties focused their attention on trying to resolve this matter instead of engaging in further protracted litigation. After more than a month of back and forth negotiations, the parties were ultimately successful in their efforts to resolve this matter on terms satisfactory to all parties.

### The Settlement Agreement

The standard for approval of a FLSA settlement is lower than for a Rule 23 settlement because a FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. Clark v. Ecolab Inc., 2010 WL 1948198, at *7 (S.D.N.Y. 2010) (citation omitted). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. Id. at *7 (citations omitted). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. Id. at *7 (citation omitted). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. Id. at *7 (citations omitted).

Here, after litigating for close to two years with the defendants, the plaintiffs were able to negotiate a settlement that is satisfactory to them. In particular, the plaintiffs were each able to recover 100% of the claimed overtime wages plus an additional amount as liquidated damages. In exchange for this compensation, the plaintiffs have agreed to dismiss their claims with prejudice. No party has admitted to any wrongdoing and the parties are desirous of not incurring any further costs and expenses in this case. Thus, the parties respectfully request that the Court approve the Settlement Agreement and So Order the enclosed Stipulation of Dismissal with prejudice.

### The Attorneys' Fees

It is respectfully submitted that the attorney's fees and costs as set forth in the Settlement Agreement are fair and reasonable given the amount of time spent by plaintiffs' counsel in this case and the work that was performed to achieve a settlement that fully satisfies the plaintiffs. I have been given an hourly rate of $350.00 in the Southern District of New York. *See* Morano et

al. v. Intercontinental Capital Group, Inc. et al., 10 CV 2192 (KBF) at D.E. 185.  I have billed a total of 85 hours in this case.  I have billed each hour of work on my firm's Amicus Attorney system within a short period of time of performing such work.  The work that I performed in this case included face-to-face meetings with the plaintiffs, participating in numerous telephone conferences with the plaintiffs, drafting and filing a complaint, drafting document demands and interrogatory requests, drafting Rule 26 disclosures with damages calculations, responding to the defendants' document demands and interrogatory requests, defending depositions, conducting depositions, appearing at conferences before the Court, reviewing and analyzing hundreds of pages of documents that were produced by the defendants, drafting and filing a motion for conditional certification, and engaging in numerous back and forth conversations with defense counsel concerning settlement.  In order to achieve a settlement that met the plaintiffs' needs, I have decided to reduce my firm's fees by over $9,000.00.

   Counsel for plaintiffs and defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court So Order the enclosed Stipulation of Dismissal.

               Respectfully submitted,

               Justin M. Reilly

cc: Paul T Vink, Esq.